Insurance Commissioner
ACCEPTED SOP
MAY 13 2020
TIME: 2pm

IN THE SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF KING

MUNA NOOR on behalf of herself and all other similarly situated,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendants,

NO.

COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT, BAD FAITH, DECLARATORY JUDGMENT, AND INJUNTIVE RELIEF

Plaintiff Muna Noor brings this action against American Family Mutual Insurance ("American Family"), on behalf of herself and all other similarly situated persons ("Policyholders"). Plaintiff alleges the following upon based on her own personal knowledge and the investigation of counsel.

## I. OVERVIEW OF THE ACTION.

1.1   This lawsuit arises from American Family's wrongful system of improperly valuing class members' totaled vehicles, which reduced the amount American Family paid to Policyholders.

CLASS ACTION COMPLAINT - 1

1.2. Plaintiff and the putative Class seek redress and damages for American Family's wrongful actions, including breach of contract, violation of Washington insurance regulations pertaining to the settlement of total loss vehicle claims, violation of the Washington Consumer Protection Act, common law bad faith, and breach of the implied covenant of good faith and fair dealing.

1.3. Plaintiff and the putative Class further seek a judicial declaration from this Court that American Family has:

a) Acted in violation of Washington insurance regulations; and

b) Acted in bad faith.

1.4 Plaintiff and the putative Class further seek an injunction prohibiting American Family from engaging in said wrongful conduct.

1.5. This action seeks damages and injunctive relief on behalf of Plaintiff and a class of similarly situated persons who have been harmed by American Family, and Autosource, a third-party software program created and marketed to the insurance industry.

1.6. American Family has used and continues to use Autosource to systematically undervalue and underpay first party claims of "total loss" to insured vehicles, in breach of its contractual obligations to its policyholders.

1.7. Valuation reports generated by Autosource for American Family make the following downward adjustment to the estimated "actual cash value" of a policyholder's vehicle: an arbitrary, consistent, and unsupported deduction to the "value" of "comparison" vehicles (similar, nearby vehicles being offered for sale at the time) by reducing any advertised price of a comparison vehicle by 6 percent to allegedly account for "negotiation."

1.8. Using Autosource's valuation reports, which include the aforementioned deductions, American Family consistently underestimates and underpays the "actual cash value"

CLASS ACTION COMPLAINT - 2

of covered vehicles deemed a "total loss," thereby breaching its contractual obligations to policyholders, including its covenants of good faith and fair dealing and violating Washington insurance regulations.

## II. PARTIES.

2.1. Plaintiff Muna Noor ("Plaintiff") is a resident and citizen of Seattle, King County, Washington.

2.2. Plaintiff purchased a comprehensive policy of automobile insurance from American Family that was in effect on the date of loss: March 9, 2020.

2.3. American Family is a foreign profit corporation incorporated under the laws of the State of Wisconsin with its headquarters and principal place of business at 6000 American Parkway, Madison, WI 53783. American Family does business in the State of Washington by entering into insurance policies with consumers, insuring a large number of vehicles in this state, employing sales agents in this state, maintaining facilities in this state, and has otherwise conducted continuous and substantial activities which avail it to the personal jurisdiction of this Court.

## III. JURISDICTION AND VENUE.

3.1. Venue is proper in this Court because Plaintiff resides in King County and a substantial part of the events giving rise to the claims occurred in King County.

3.2 This Court has personal jurisdiction over American Family because it regularly conducts business in the State of Washington, and because the events that are the subject of Plaintiff's dispute occurred in the State of Washington.

3.3. Defendant's contacts with the State of Washington as a whole satisfy the "minimum contacts" test, such that the exercise of jurisdiction over them is consistent with constitutional due process protections.

CLASS ACTION COMPLAINT - 3

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

# IV. CLASS ACTION ALLEGATIONS.

4.1. Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to CR 23 of the Washington Civil Rules.

4.2. Plaintiff asserts and seeks certification of the following class (the putative "Class"):[1]

> All persons and entities within the State of Washington that have made first-party property damage claims under contracts of automobile insurance with American Family that provided for payment of the actual cash value of the policyholder's vehicle (less any applicable deductible) in the event of total loss, and (1) where policyholders experienced a total loss of their insured vehicle covered under such policy, (2) where such claims for total loss were evaluated by American Family using the Autosource valuation system, and (3) where such claims were paid by American Family to the policyholder or a lienholder without the parties agreeing to use, and using, an alternative appraisal process described in the policyholder's policy.

4.3. Numerosity. The members of the putative Class are so numerous that individual joinder of all members is impracticable. The identity and precise number of putative Class members, though unknown to Plaintiff, is reasonably ascertainable from American Family's records. Because American Family controls a sizeable market share of the local automobile insurance industry, and the large number of claims that it settles with respect to total loss vehicles, the putative Class is estimated to comprise many thousands of people.

4.4. Commonality and Predominance. This action involves common questions of law and fact as to the claims of Plaintiff and the other members of the putative Class, which predominate over any questions affecting individual putative Class members. These common legal and factual questions include, but are not limited to, the following:

---

[1] Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

CLASS ACTION COMPLAINT - 4

a) Whether American Family breached its insurance contracts, including the implied covenants of good faith and fair dealing, when it systematically reduced the estimated actual cash value of covered total loss vehicles by 6 percent and reduced the estimated value of comparison vehicles by 6 percent from published prices to allegedly account for typical negotiation;

b) Whether American Family violated Washington insurance regulations when it systematically reduced the estimated actual cash value of covered total loss vehicles by 6 percent and reduced the estimated value of comparison vehicles by 6 percent by consistently and without basis or justification reducing estimated values of comparison vehicles by 6 percent from published prices to allegedly account for typical negotiation;

c) Whether American Family's method of valuation violated the Washington Consumer Protect Act;

d) Whether American Family's method of valuation violated its common law duty of good faith to its policyholders.

4.5. Typicality. Plaintiff's claims are typical of the claims putative Class members, because putative Class members were injured through the same alleged systematic misconduct described herein.

4.6. Adequacy of Representation. Plaintiff will fairly and adequately represent and protect the interests of the members of Class and do not conflict with the interests of other Class members; Plaintiff has retained counsel who are competent and experienced in complex class-action litigation, and Plaintiff intends to prosecute this action vigorously.

4.7. Superiority. A class action is superior to all other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would be economically impractical for Plaintiff and putative Class members, on an individual basis, to obtain effective redress. Individualized litigation would create the danger of inconsistent and/or contradictory

CLASS ACTION COMPLAINT - 5

judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from relitigating the common issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, benefiting from economies of scale, comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

4.8. Appropriateness of Injunctive Relief. Defendants have acted, or refused to act, in a manner that applies generally to the Class, such that final injunctive relief is appropriate to the class as a whole.

## V. FACTUAL ALLEGATIONS.

5.1. American Family advertises and sells automobile policies in the State of Washington that include first-party physical damage coverages including Comprehensive, Collision and Underinsured Property Damage.

5.2. American Family's policies give American Family the choice to settle a loss claim under its property damage coverages in one of two ways:

    a) By paying the cost to repair the covered vehicle, minus any applicable deductible; or

    b) By paying the "actual cash value" of the covered vehicle (prior to being damaged), minus any applicable deductible.

5.3. American Family deems vehicles to be a total loss when the cost to repair the vehicle exceeds the vehicle's "actual cash value."

5.4. "Actual cash value" is not a defined term in American Family's auto policies.

5.5. The settlement of total loss claims in the State of Washington is regulated by WAC 284-30-391.

CLASS ACTION COMPLAINT - 6

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

5.6     This regulation, along with common law implied covenants of good faith and fair dealing, prohibit American Family from using arbitrary, invalid, unreasonable, and unfair methods to estimate the "actual cash value" of a vehicle immediately prior to a total loss.

5.7     To determine the actual cash value of consumer vehicles, American Family uses a third-party valuation service operated by Audatex North America, Inc. in combination with Explore Information Services, LLC under the trade name AudaExplore, a business division of Solera Holdings, Inc.

5.8     AudaExplore provides American Family with estimates, sometimes under the trade name "Autosource Market-Driven Valuation," that purport to provide the actual cash value of total loss vehicles, which American Family uses to justify the amounts it pays its policyholders as the actual cash value of total loss vehicles.

5.9.    American Family's uniform auto policies do not disclose the existence or identity of the third-party valuation services used by American Family to estimate and settle total loss claims.

5.10.   American Family's uniform auto policies provide that American Family and policyholders must "agree" on the actual cash value of a covered vehicle that has sustained a total loss. However, such policies do not limit either parties' rights in the event that they do not agree on an actual cash value, unless the parties both voluntarily agree to submit a dispute about the actual cash value to a panel of three appraisers, with the parties sharing the costs of such a process. Such an appraisal process, if used, is binding on both parties. But American Family's policies do not require either party to submit to such a process, and, on information and belief, such process is rarely if ever used because the costs of employing three, independent appraisers to appraise a covered vehicle would, in most cases, eclipse the amount of a dispute between American Family and a policyholder about the actual cash value of a covered vehicle.

CLASS ACTION COMPLAINT - 7

5.11. On information and belief, American Family knows from experience that many policyholders who submit a claim for covered vehicle will trust American Family's representation of their vehicle's value to be accurate and will not object.

5.12. On information and belief, American Family further understands that many policyholders who have suffered a "total loss" of a covered vehicle will not elect to request a formal appraisal by three independent appraisers, which is allowed under American Family's auto policies.

5.13. To the extent American Family relies on either a policyholder's express agreement, or silence or acquiescence to a "total loss" settlement payment made by American Family to the policyholder or to a lienholder of the insured, to contend that it has met its contractual obligation to its policyholder, American Family's reliance is misplaced and invalid because of American Family's deception, improper methodology for determining Actual Case Value, violation of insurance regulations pertaining to the settlement of total loss claims, and breach of implied covenants of good faith and fair dealing to its policyholders.

### Facts of Plaintiff's Policy Claim

5.14 Plaintiff contracted with American Family for an automobile insurance policy providing coverage for physical damage for her 2011 Toyota Highlander STD 4WD.

5.15 On or around March 9, 2020, Plaintiff's Toyota Highlander sustained damage which American Family deemed a total loss.

5.16 On or around March 9, 2020, Plaintiff's Toyota Highlander had approximately 107,726 on its odometer and the American Family policy covering it was in full force and effect.

5.17 Plaintiff timely submitted a claim to American Family.

5.18 On or around March 9, 2020, American Family assigned Plaintiff claim number #01002270517 and assigned a claims representative to process the claim.

CLASS ACTION COMPLAINT - 8

5.19    On or about March 19, 2020, American Family determined that the Plaintiff's Toyota Highlander was a total loss. American Family sent Plaintiff a letter advising her of what American Family had "determined" the "actual cash value" of her insured vehicle to be.

5.20    American Family's March 19, 2020 letter indicated the vehicle's actual cash value to be $15,359.00, with additions for tax and title transfer, and minus her deductible. The net amount payable to the Plaintiff was $16,484.09. Enclosed with this letter was a report from Autosource.

5.21    The Autosource report explained that American Family had "selected Audatex, an independent vehicle valuation company, to prepare a comprehensive vehicle valuation for your vehicle." The report further stated that it "was prepared specifically for your vehicle and represents a fair and accurate value driven by the retail used vehicle market."

5.22    In the "Valuation Detail" section of the Autosource report, Audatex identified ten different "comparable" vehicles, identifying the year, make, model, location, transmission, and odometer reading of each vehicle. Each comparable vehicle was then purportedly used to establish the value of Plaintiff's vehicle. This was accomplished by valuing the "comparable vehicle" and then making "adjustments" to account for differences between that vehicle and Plaintiff's vehicle, such as differences in mileage and options.

5.23    For each "Comparable" vehicle cited and described in the report, the "base" price (excluding adjustments) that was identified for the vehicle was almost exactly 6 percent lower than the stated "advertised price" for the vehicle. The Report's fine print stated that each vehicle's "advertised price" was "adjusted to account for typical negotiation."

5.24    American Family does not disclose anywhere to Plaintiff how it determined that 6 percent is a fair or accurate "adjustment."

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

5.25   Plaintiff contends that Autosource's uniform "negotiation fee" of 6 percent is without any empirical foundation, instead existing only to reduce the total loss amounts paid to policyholders.[2]

5.26   Plaintiff contends that American Family's use of Autosource's valuation violated WAC 284-30-391(4) because the 6 percent adjustment for negotiation is not a "verifiable dollar amount."

5.27   Plaintiff contends that American Family's use of Autosource's valuation violated WAC 284-30-391(5) because that regulation permits insurers to adjust total loss settlements only for prior unrepaired damage to the same vehicle and for the salvage value of the subject vehicle if the insured elects to keep it.

5.28   Plaintiff contends that American Family's use of Autosource's valuation violated WAC 284-30-391(2) because the 6 percent adjustment for negotiation is not based on data that is derived from sources within 150 miles of the location where the subject vehicle was garaged (the "local data" requirement) or based on data derived from the actual cash value of vehicles that are currently available or were available in the market place within ninety days prior to or after the date of loss (the "current data" requirement).

5.29   It is clear that the Autosource valuation system is set up in a manner designed to directly benefit the insurer, American Family, by systemically reducing the amount it would have to pay its policyholders for their valid claims through deductions that are not verifiable and not based on current, local data.

---

[2] To demonstrate the arbitrary nature of this deduction, Autosource valuations performed for State Farm Insurance have a 9 percent adjustment for "typical negotiation."

CLASS ACTION COMPLAINT - 10

# VI. CAUSES OF ACTION.

## COUNT ONE - BREACH OF CONTRACT

6.1     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

6.2     American Family entered into policies of automobile insurance with Plaintiff and other members of the putative Class. These policies govern the relationship between American Family, Plaintiff, and other Class Members, and they likewise govern the handling of total loss claims.

6.3     The insurance policies at issue were drafted by American Family or its agents.

6.4     The insurance policy at issue with Plaintiff is essentially identical in all material respects with the policies entered into with other Class Members.

6.5     Plaintiff and other Class Members performed their material duties as provided in their policies;

6.6     The policies of insurance American Family issued to Plaintiff and other members of the putative Class provide that in the event of a total loss, American Family will pay the "actual cash value" (ACV) of the loss.

6.7     In proposing and making ACV payments under the policies with Plaintiff and members of the putative Class, American Family breached its contractual duties to Plaintiff and the putative Class, including the implied covenant of good faith and fair dealing, by:

    a.     deducting an arbitrary, fixed percentage of the "appraised" value of the insured vehicle as determined by an automated and systematically determined Audatex valuation, ostensibly based upon "negotiation" from listed prices published by auto dealers;

CLASS ACTION COMPLAINT - 11

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

6.8     American Family benefitted, and continues to benefit, from its contractual breaches. Likewise, American Family's actions damaged, and continue to damage, Plaintiff and other Class Members.

6.9     American Family's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and other Class Members.

6.10    Plaintiff and other Class members are entitled to recover their actual damages as established through evidence at trial, including damages sufficient to make them whole for American Family's systematic underpayment of ACV for total loss vehicles, including, but not limited to, the difference between payments made by American Family for actual cash value in the event of total loss, and the ACV that American Family would have determined without breaching its contractual obligations to Plaintiff and other Class Members.

**COUNT TWO – VIOLATION OF WAC 284-30-391**

6.11    WAC 284-30-391 sets forth the standards of practice for settlement of total loss vehicle claims. It requires insurer to, among other things, pay the fair market value of the policyholder's vehicle immediately prior to the incident in which it was damaged. If a computerized source is used to make this determination, the system must use statistically valid criteria.

6.12    The Autosource system used by American Family violates WAC 284-30-391 because it uses a statistically invalid methodology. Specifically, the practices of deducting 6 percent from the advertised price of comparable vehicles to account for "typical negotiation." The Autosource system violates specific provisions of WAC 284-30-391 by reducing total loss payments through deductions that are not verifiable and not based on local, current data.

6.13    Due to this and other wrongful conduct, Plaintiff and the Class are entitled to recover their actual damages, including damages sufficient to make them whole for American

CLASS ACTION COMPLAINT - 12

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

Family's systematic underpayment of ACV for total loss vehicles, including, but not limited to, the difference between payments made by American Family for actual cash value in the event of total loss, and the ACV that American Family would have determined without violating Washington insurance regulations.

### COUNT THREE – COMMON LAW BAD FAITH

6.14 Through its use of this invalid methodology, American Family is elevating its own financial interests over that of its first party insureds.

6.15 American Family's conduct is egregious and pervasive, and without regard to the transportation needs of its insureds.

6.16 American Family's conduct violates the common law duty of an insurer to act in good faith.

6.17 As a result, Plaintiff and the Class are entitled to recover damages including attorney's fees, prejudgment interest and exemplary damages.

### COUNT FOUR – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

6.18 American Family has breached the implied covenant of good faith and fair dealing owed to Plaintiff and the Class.

6.19 Plaintiff and the Class have been damaged as a result of American Family's wrongful use of an invalid methodology to value policyholders' total loss claims.

6.20 Plaintiff and the Class are entitled to recover actual and consequential damages including attorney's fees and prejudgment interest.

### COUNT FIVE -- VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

6.21 The business of insurance affects the public interest.

CLASS ACTION COMPLAINT - 13

6.22     The physical damage coverage in American Family's automobile policies are intended to provide coverage for damage to vehicles caused by collisions. The policies require American Family to pay the actual cash value of vehicles determined to be a total loss.

6.23     American Family has engaged in unfair, misleading, and deceptive acts by using an arbitrary and statistically invalid methodology to value policyholders' total loss claims.

6.24     American Family's conduct violates the Washington Consumer Protection Act, RCW 19.86 *et seq*.

6.25     Plaintiff and the Class have been damaged as a result of these violations and are entitled to recover damages including attorney's fees, prejudgment interest, and exemplary damages.

## COUNT SIX – DECLARATORY AND INJUNCTIVE RELIEF

6.26     Plaintiff and the Class are entitled to be paid the Actual Case Value of vehicles determined to be total losses.

6.27     American Family used an invalid methodology to wrongfully reduce the amounts paid to its insureds with total loss claims.

6.28     An actual and justiciable controversy has arisen and now exists between the Class and American Family concerning American Family's system form determining Actual Cash Value. The Class is entitled to a judicial declaration from this Court of the rights of the Class and obligations of American Family under the policies. The Class is entitled to a judicial declaration that American Family has acted in violation of Washington insurance regulations and in bad faith by using an invalid methodology to underpay total loss claims. This action is timely and appropriate under applicable law.

6.29     The Court should enjoin American Family from engaging in further deceptive acts and practices pursuant to RCW 19.86.090.

CLASS ACTION COMPLAINT - 14

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

## VII. JURY DEMAND.

7.1     Plaintiff demands a jury trial of all issues triable by right by jury.

## VIII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff and members of the putative Class pray for relief as follows:

8.1     That the Court enter an order certifying the putative Class;

8.2     That judgment be entered against Defendant and in favor of Plaintiff and members of the Class;

8.3     That Plaintiff and the Class be awarded the full amount of their damages as will be proven at trial;

8.4     That Plaintiff and members of the Class be awarded pre and post-judgment interest to the extent allowed by law;

8.5     That Plaintiff and members of the Class be awarded their costs in this action;

8.6     That Plaintiff and the Class be awarded exemplary damages and their reasonable attorneys' fees as allowed by the Washington Consumer Protection Act;

8.7     That Plaintiff and members of the Class be awarded injunctive relief, enjoining Defendant from continuing the wrongful practices described herein;

8.8     A judicial declaration that American Family has acted in bad faith by using an invalid methodology to underpay total loss claims;

8.9     A judicial declaration that Defendant American Family has acted in violation of Washington insurance regulations;

8.10    Such other relief as is just and proper.

CLASS ACTION COMPLAINT - 15

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

**DATED** this 11th day of May, 2020

LAW OFFICES OF DANIEL R. WHITMORE

/s/Daniel R. Whitmore
Daniel R. Whitmore, WSBA No. 24012
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
Telephone: (206) 329-8400
Facsimile: (206) 329-8401
Email: dan@whitmorelawfirm.com
Attorney for Plaintiff and the Class


BADGLEY MULLINS TURNER PLLC

/s/Duncan C. Turner
Duncan C. Turner, WSBA No. 20597
Mark A. Trivett, WSBA No. 46375
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: dturner@badgleymullins.com
Email: mtrivett@badgleymullins.com
Attorney for Plaintiff and the Class

CLASS ACTION COMPLAINT - 16

Law Office of
Daniel R. Whitmore
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)